**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| DEBORAH LAUFER,<br>  individually | )<br>)<br>) |
|        Plaintiff, | )   Civil Action No. 2:20-cv-00344-GZS<br>) |
| v. | )<br>) |
| ACHESON HOTELS, LLC,<br>Maine Limited Liability Corporation, | )<br>)<br>)<br>) |
| Defendant | ) |

**DEFENDANT ACHESON HOTELS, LLC'S**
**MOTION TO DISMISS AND**
**INCORPORATED MEMORANDUM OF**
**LAW**

Pursuant to Fed. R. Civ. P. 12(b)(1) and Local Rule 7, Defendant, Acheson Hotels, LLC ("Acheson"), hereby submits requests that this Court dismiss Plaintiff's Complaint on the grounds that the Plaintiff lacks standing, and therefore, this Court does not have subject matter jurisdiction in this case.

**INTRODUCTION**

Plaintiff, Deborah Laufer, a resident of Florida, who alleges herself to be an ADA "tester" has filed this case, along with hundreds of identical cases around the country, speculating that she may visit the over 600 hotels she has sued, and cannot determine via third-party booking websites as to whether an ADA accessible accommodation would be provided. Numerous federal courts have dismissed Ms. Laufer's claims because the asserted injury is far too speculative to establish standing. This case should also be dismissed.

## FACTS

As of the date of the filing of this Motion, Plaintiff has filed over 600 lawsuits in federal court against various hotels, motels, and other places of public accommodation, alleging that these businesses run afoul of the ADA. The Complaint that Plaintiff has filed in this case substantively is identical to every other lawsuit that she has filed in federal court throughout the country.

Defendant's property at issue in this case, the Coast Village Inn and Cottages, is located in Wells, Maine. (Complaint, ¶ 3.) Plaintiff filed the Complaint against Acheson, seeking injunctive relief and attorneys' fees for Acheson's alleged violation of the ADA. Plaintiff alleges that she resides in Florida and is an individual "with disabilities as defined by the ADA." (Complaint, ¶ 1). Plaintiff alleges that she relies on a series of adaptive devices to perform major life activities and that she requires handicap accessible facilities. *Id.*

As a litigation "tester" Plaintiff reviewed local property records and identified Acheson as the owner of a hotel in Wells, Maine. (Complaint, ¶ 3). Thereafter, Plaintiff logged onto third-party hotel booking websites, such as Orbitz, Travelocity, and Expedia, expressly for the purpose of assessing booking listings of Acheson against federal regulations, specifically, 28 C.F.R. Section 36.302(e), in connection with what Plaintiff needs would be if she were to book a room. (Complaint, ¶ 10.) Plaintiff alleges that these third-party websites, over which Acheson had no control or ownership, lacked information concerning the accessibility of the Coast Village Inn and Cottages. (Complaint, ¶10.) Based upon this alleged lack of information, Plaintiff has filed suit against Acheson, seeking attorneys' fees, costs, and injunctive relief. (Complaint, ¶¶ 19-20.) Plaintiff alleges that she searches out hotels to sue and maintains a list of those hotels, keeping track of when she plans to review the online

booking sites repeatedly. (Complaint, ¶ 11.)

The heart of Plaintiff's complaint is that she visits third-party online booking sites. Plaintiff does not allege that she ever personally experience accessibility issues at the Coast Village Inn and Cottages, nor does she allege that she personally investigated accessibly issues at the Coast Village Inn and Cottages. Plaintiff does not allege that she has visited the State of Maine, the town of Wells, or the Coast Village Inn and Cottages. She makes no allegations in her complaint about leaving the State of Florida or having reason to travel to Wells or to visit the State of Maine and/or the Coast Village Inn and Cottages. Her lawsuit is expressly based on her actions from her home in Florida in which she views hotel, motel or other lodging facilities to see if ADA accessible facilities are published and then files suit against businesses where she does not find information on ADA bookings. Plaintiffs "testing" activity appears to be about volume; the more suits she files the more likely some will pay some amount, however small, in settlement. Indeed, in the eight cases Plaintiff has filed in this Court, she appears to target small and seasonal properties perhaps in the hopes that the small business will not have the resources to mount the legal defense required.[1]

## STANDARD OF REVIEW

"The party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Standing requires the following elements: (1) a particularized injury in fact, which must be actual or imminent; (2) the injury must be "fairly traceable" to the actions of the defendant; and (3) that the injury will likely be redressed by the relief sought. *Id.*, citing *Bennett v. Spear*, 520 U.S. 154,167 (1997). Standing may not be speculative. Federal pleading requirements are that the Plaintiff assert "as

---

[1] It is notable that one of the cases is reported as settled on Pacer.

short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To show entitlement to relief, the allegations must contain facts "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic v. Twombly,* 550 U.S., 544, 555 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."). While *Twombly* and *Iqbal* address the allegations that must be made on the substantive elements of a claim, their reasoning is equally true here. Plaintiff's complaint reveals that her alleged injury is speculative. She expressly alleges that she seeks out cases by checking websites from her home in Florida and fails to allege any facts that would plausibly show that she will ever visit the State of Maine or stay at the Coast Village Inn and Cottages.

## ARGUMENT

**I. Plaintiff's Complaint must be dismissed because her lack of standing deprives this Court of subject matter jurisdiction.**

Plaintiff's complaint cannot be maintained in this Court because Plaintiff cannot establish that she has standing, and therefore, cannot establish subject matter jurisdiction. The federal courts are courts of limited jurisdiction under Article III of the United States Constitution, and as such, jurisdiction is limited to actual "cases" and "controversies." *Reddy v. Foster,* 845 F.3d 493, 499 (1st Cir. 2017). Standing is a concept that ensures the Court is exercising jurisdiction over a matter that presents an actual case or controversy. *Id.* Standing tests whether the case presents an actual injury, and it is the Plaintiff's burden to establish standing. *Id.* At 500. Plaintiff cannot establish that any one of her over 600 lawsuits sets out allegations that plausibly plead standing because her purported future intent to drive all over the country and check into hotels is speculative.

### A. Plaintiff's asserted injury is too speculative to establish standing.

The first inquiry in the standing question is whether the plaintiff has alleged an injury in fact such that plaintiff has a personal stake in the outcome of the case. *Id.* Where, as here, the case is based on an alleged future injury, the complaint must allege sufficient facts showing that the potential injury is imminent. *Id.*

> An allegation of future injury may suffice if the threatened injury is 'certainly impending' or if there is a 'substantial risk' that the harm will occur. But if future injury is too speculative for Article III purposes and no prosecution is even close to impending, then there is no standing to sue.

*Id.* Plaintiff has not alleged any direct contact with the Coast Village Inn. She alleges that from her home in Florida, she has reviewed websites. She does not allege that she has ever traveled to Wells, Maine, that she has ever traveled to the State of Maine or has any plans to travel to Maine in the future.

Instead, Plaintiff relies on her self-appointed role as an ADA "tester." However, courts across the country have ruled that an individual's role as a "tester" is not sufficient to establish standing. *See, e.g., Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 656 (4th Cir. 2019) (holding that plaintiff who was ineligible to join credit union failed to establish standing to bring an ADA claim concerning credit union's website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services"); *Harty v. Greenwich Hospitality Group, LLC*, 536 F.Appx. 154, 155 (2nd Cir. 2013) (finding plaintiff's "assertion that he visits public accommodations as an ADA 'tester'" failed to establish standing as it lacked the "requisite link to Stamford, Connecticut," the location of the defendant's hotel); *Judy v. Pingue*, 2009 WL 4261389, at *4 (S.D. Ohio 2009) (ruling that plaintiff lacked

standing to sue property owner for ADA non- compliance when he failed to show a reasonable likelihood of returning to the allegedly offending property).

Here, Plaintiff has filed over 600 "tester" lawsuits in federal court. Many of these cases have been dismissed for lack of standing or courts have issued orders requiring Plaintiff establish her standing. On December 3, 2020, the United States District Court in the District of Maryland ruled:

> Laufer's Complaint is defective because she too has failed to plead individual or particularized injury. Like [the plaintiff in *Griffin v. Dep't of Labor Credit Union*], she asserts that the reservation websites do not comport with the ADA's requirements, causing her informational injury because she is unable assess the suitability of the facility and to reserve a room that adequately accommodates her disability. Her Complaint, however, contains no facts suggesting that she harbored any present intent to stay at ESA or even set foot in Maryland. Instead, the Complaint clearly and simply alleges that she maintains a list of properties that she has sued and continues to monitor their compliance by re-visiting their reservation websites.

*Laufer v. BRE/ESA P Portfolio, LLC*, United States District Court, District of Maryland, Case No. 1:20-cv-01973-SAG Case No. 1:20-cv-01973-SAG, at *3, Doc. 19, p. 6 of 8.[2] The Court further rejected Plaintiff's claim that she was planning in the future to travel throughout the State of Maryland: "the assertion that she is planning to embark on a comprehensive tour of the entire state as soon as the global pandemic ends is somewhat farfetched." *Id.* In another Maryland case, the Court denied Plaintiff Laufer's request for a default judgment for lack of standing. *See also Laufer v. Ft. Meade Hospitality, LLC*, United States District Court, District of Maryland, Case No. 8:20-cv-1974-PX, at *4, Doc. 8[3]. Similarly, in federal court in New

---

[2] Acheson has attached a copy of Judge Gallagher's Order in its Request for Judicial Notice.
[3] Acheson has attached a copy of this Order in its Request for Judicial Notice.

York noted: "[t]here appears to be a serious question as to whether Plaintiff has established standing, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *Laufer v. 1110 Western Albany, LLC*, United States District Court, N.D. New York, Case No. 1:19-cv-01324-BKS-ML, Dat *1, Doc. 2[4].  And in another case, *Laufer v. Laxmi & Sons, LLC,* United States District Court, N.D. New York, Case No. 1:19-cv-01501-BKS-ML, at *4, Doc. 15, the court issued *sua sponte* memorandum of decision and order holding: "there are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York for any reason to seek lodging anywhere in New York".[5]  Indeed, all of the lawsuits filed in federal court in New York were dismised for lack of standing. [6]

Plaintiff has repeatedly failed to allege facts indicating that she had traveled or planned to travel to the particular state in identical lawsuits filed in Maryland and New York, which are identical to the lawsuits filed in Maine.  Just as the allegations in the Maryland and New York cases were too hypothetical to meet the "injury-in-fact" requirements of Article III, Plaintiffs allegations in this case are far too speculative and hypothetical to establish standing.  As such, Plaintiff Laufer has not standing and this Court lacks subject matter jurisdiction over this lawsuit.  As a result, the Court must grant Acheson's Motion to Dismiss.

## CONCLUSION

By reason of the foregoing, Plaintiff's Complaint should be dismissed for lack of standing and subject matter jurisdiction.

---

[4] Acheson has attached a copy of this Order in its Request for Judicial Notice.
[5] Acheson has attached a copy of this Order in its Request for Judicial Notice.
[6] Acheson has attached a copy of this Order in its Request for Judicial Notice.

Respectfully submitted,

*/s/ Sally Morris*
Sally A. Morris, Bar No. 8479
Attorney at Law
Six City Center, Suite 300
Portland, ME 04101
(207) 558-6161, Ext 109
Attorney for Defendant, Acheson Hotels, LLC

8

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 3, 2021 I electronically filed the Defendant's Motion to Dismiss and Incorporated Memorandum of Law with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

           Daniel G. Ruggiero, Esquire
           275 Grove Street, Suite 2-400
           Newton, MA 02466
           druggieroesq@gmail.com

Dated:  February 3, 2021

           */s/ Sally A. Morris*
           Sally A. Morris, Esq. Bar No. 8479
           Attorney at Law
           Six City Center, Suite 300
           Portland, ME 04101
           (207) 558-6161 Ext. 109
           smorris@morrisemploymentlaw.com
           Attorney for Defendant, Acheson Hotels, LLC